**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**GREGORY MATTHEW SEAY,**

**Petitioner,**

**v.**

**DAVID ROGERS, Warden,**

**Respondent.**

**Case No. 26-CV-0216-JFH-SH**

# ORDER

Petitioner Gregory Matthew Seay ("Mr. Seay"), a self-represented prisoner, petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, to challenge his custody under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2022-789. Dkt. No. 1 at 2. This matter is before the Court on three motions filed by Mr. Seay: (1) a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") [Dkt. No. 3]; (2) a Motion for Summary Judgment [Dkt. No. 4]; and (3) a Motion to Stay [Dkt. No. 5]. For the following reasons, the Court DENIES the Motion to Stay, DISMISSES the Petition without prejudice to refiling, and DISMISSES AS MOOT the IFP Motion and the Motion for Summary Judgment.

Mr. Seay's Motion to Stay implicates two requirements imposed upon state prisoners by the Antiterrorism and Effective Death Penalty Act ("AEDPA"): first, that the prisoner exhaust available state remedies before seeking federal habeas relief, *see* 28 U.S.C. § 2254(b)(1)(A), and second, that the prisoner file a federal habeas petition within one year of the date on which the prisoner's state-court judgment became final, *id.* § 2244(d)(1)(A). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In recognition of the exhaustion requirement, the one-year

limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To benefit from statutory tolling, a state prisoner must file his application for state collateral review in accordance with applicable state rules and within the one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Burger v. Scott*, 317 F.3d 1133, 1138-41 (10th Cir. 2003).

To further accommodate exhaustion of available state remedies, a federal habeas court has discretion to stay a habeas proceeding when a petitioner timely files in federal court either a "mixed" petition that includes both exhausted and unexhausted claims, or an "unmixed" petition that includes only unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005) (approving stay and abeyance procedure for mixed petitions); *Doe v. Jones*, 762 F.3d 1174, 1178-81 (10th Cir. 2014) (extending *Rhines* to case involving unmixed petition). In *Rhines*, the Supreme Court reasoned that state prisoners attempting to comply with both the one-year limitations period and the exhaustion requirement face two related risks when they file a timely "mixed" petition. 544 U.S. at 275. First, "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it [for lack of exhaustion] after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* Second, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* To mitigate these risks, the *Rhines* Court held that it may be appropriate, under some circumstances, to stay a federal habeas proceeding and hold the federal habeas petition in abeyance to allow a petitioner to return to state court and exhaust his or her unexhausted claims. *Id.* at 275-79. Under *Rhines*, however, a habeas court should grant a stay only if the court finds

that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Notably, the petition at issue in *Rhines* was a "mixed petition," i.e., a petition that included both exhausted and unexhausted claims. *Id.* at 271.

In *Doe*, the United States Court of Appeals for the Tenth Circuit extended *Rhines*'s reach by concluding "its rationale is potentially applicable to a petition with wholly unexhausted claims that is protectively filed during the pendency of state postconviction proceedings." *Doe*, 762 F.3d at 1178. The Tenth Circuit reasoned that "[p]etitioners with unmixed petitions may run a similar risk of 'forever losing their opportunity' for federal review, depending on the circumstances," and discussed cases from two other circuit courts applying *Rhines* in cases involving "unmixed" petitions that included only unexhausted claims. *Id.* at 1178-81 (quoting *Rhines*, 544 U.S. at 275). The Tenth Circuit held, "[w]hether they have mixed or unmixed petitions, petitioners with little chance of exhausting their claims in state court and returning to federal court before the limitations period runs should not be foreclosed from the very mechanism designed to protect against such risk if they can satisfy the *Rhines* standards." *Id.* at 1181.

Like the petitioner in *Doe*, Mr. Seay timely filed a petition that includes, by his account, only unexhausted claims. Dkt. No. 1. He characterizes his Petition as a "protective petition" and asks the Court to stay this habeas proceeding so that he may fully exhaust available state remedies. *Id.*; Dkt. No. 5. But the Court finds no indication in the record that, absent a stay of this habeas proceeding, Mr. Seay is at risk of "forever losing [his] opportunity" to obtain federal review of these claims, each of which he currently is presenting in state court through his application for post-conviction relief. *Rhines*, 544 U.S. at 275. As previously stated, "[a] prisoner challenging a state conviction normally has one year to file a federal habeas petition, starting from 'the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Doe*, 762 F.3d at 1176 (quoting 28 U.S.C. § 2244(d)(1)(A)). According to Mr. Seay, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his judgment on June 26, 2025, he timely petitioned for a writ of certiorari in the Supreme Court, and the Supreme Court denied his petition on October 20, 2025. Dkt. No. 5 at 3. Applying § 2244(d)(1)(A), Mr. Seay's judgment became final on October 20, 2025. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (discussing § 2244(d)(1)(A) and explaining that a state prisoner's judgment becomes final either "at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari," or "at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). Mr. Seay's one-year limitations period commenced the next day, on October 21, 2025, and, absent statutory or equitable tolling, would have expired on October 21, 2026.

Mr. Seay, however, represents that he filed an application for post-conviction relief in state district court on February 23, 2026, within his one-year limitations period. Dkt. No. 5, at 3-4. By doing so, he stopped the running of his one-year limitations period. 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714. As of that date, only 125 days of his one-year limitations period had passed. Mr. Seay further states that each of the claims he raises in the Petition are included in his application for postconviction relief, an application that remains pending in state district court. Dkt. No. 5 at 3-4; *see also* Dkt. No. 1. If the state district court denies his application, Petitioner will fully exhaust his claims only by filing a post-conviction appeal with the OCCA. *See* Okla. Stat. tit. 22, § 1087 and Rule 5.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing for post-conviction appeals). In that situation, Mr. Seay's one-year limitations period will begin to run again on the day after the OCCA issues a decision in his post-conviction

appeal. *Gonzalez*, 565 U.S. at 150. Even assuming Mr. Seay does not file a post-conviction appeal to fully exhaust his claims (which almost certainly would result in a procedural default of his claims for purposes of federal habeas review), his one-year limitations period will begin to run again on the day after his time to file a post-conviction appeal expires. *Id.* Either way, Mr. Seay will have 240 days left in his one-year limitations period, following the conclusion of his state postconviction proceedings, in which to file a timely federal habeas petition.

In sum, Mr. Seay's one-year limitations period under § 2244(d)(1)(A) currently is tolled and when his state post-conviction proceeding concludes he will have more than sufficient time to file a federal habeas petition after he has fully exhausted each of his claims. Because Mr. Seay does not face the same risks as the petitioners faced in *Rhines* and *Doe*, the Court concludes that his circumstances do not warrant a stay of this habeas proceeding and thus DENIES the Motion to Stay. Given Mr. Seay's representation that all claims in the Petition are unexhausted, the Court further concludes that the Petition shall be summarily DISMISSED under Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*, because it is plainly apparent that Mr. Seay is not entitled to federal habeas relief on any of his unexhausted claims. *See Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017) ("AEDPA prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies."). Lastly, given the dismissal of the Petition, the Court DISMISSES AS MOOT the IFP Motion and the Motion for Summary Judgment.

The Court cautions Mr. Seay that while the dismissal of the Petition is a dismissal without prejudice to refiling, this will not preclude the assertion of a statute of limitations defense by the respondent in any future federal habeas corpus action challenging the same judgment at issue in this case. Thus, Mr. Seay must be mindful of the one-year limitations period provided in 28 U.S.C.

§ 2244(d)(1)(A), as discussed in this Order, as he proceeds with his state post-conviction remedies. In addition, when Mr. Seay commences a future federal habeas action, he will be required at that time to once again either pay the $5 filing fee or submit a motion seeking leave to proceed without prepayment of that filing fee. Finally, the Court advises Mr. Seay that local civil rules require habeas petitioners to use a court-approved form when filing a petition for writ of habeas corpus and when filing a motion for leave to proceed in forma pauperis. LCvR3-1(a); LCvR3-2(c). The Court thus will direct the Clerk of Court to send Mr. Seay appropriate forms.

IT IS THEREFORE ORDERED that:

1. the Motion to Stay [Dkt. No. 5] is DENIED;
2. the Petition [Dkt. No. 1] is DISMISSED WITHOUT PREJUDICE because all claims therein are unexhausted;
3. the IFP Motion [Dkt. No. 3] and the Motion for Summary Judgment [Dkt. No. 4] are DISMISSED AS MOOT;
4. the Clerk of Court shall send to Mr. Seay one blank petition for writ of habeas corpus (OKND 2254) and one blank motion for leave to proceed in forma pauperis (OKND PRIS IFP);
5. this is a final Order terminating this action and a Judgment of Dismissal shall be entered herewith; and
6. the Clerk of Court shall send a courtesy copy of this Order and the Judgment of Dismissal to the Office of the Attorney General for the State of Oklahoma at fhc.docket@oag.ok.gov.

Dated this 6th day of May, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE